No. 20,224.

Donald L. Harvey, et al., v.
John M. Schooley, Manager, etc., et al.

(382 P. [2d] 189)

Decided May 27, 1963.   June 17, 1963, Petition for rehearing stricken.

Messrs. Donaldson, Hoffman & Goldstein, for plaintiffs in error.

Mr. Robert S. Wham, City Attorney, Mr. Richard P. Matsch, Deputy, Mr. Thomas A. Gilliam, Assistant,

for defendant in error John M. Schooley, Manager of Safety and Excise of the City and County of Denver.

Mr. EDWARD O. GEER, Mr. SAMUEL BERMAN, for defendant in error Sam E. Tichy.

*In Department.*

Opinion by MR. JUSTICE MOORE.

SAM E. TICHY, to whom we will refer as the applicant, secured a hotel and restaurant liquor license in proceedings before the Manager of Safety and Excise of the City and County of Denver, in which plaintiffs in error appeared and objected to the issuance of the license. Upon review of those proceedings the district court upheld the action of the Manager of Safety and entered judgment accordingly.

Counsel for plaintiffs in error assert as grounds for reversal of the judgment:

"1. The Manager of Safety was without jurisdiction to receive and consider Sam E. Tichy's application since his previous application had been rejected within two years.

"2. Adjacent parking facilities for a Hotel and Restaurant outlet must be regarded as part of its premises.

"3. There was no substantial evidence that the needs of the neighborhood for liquor were not adequately served, or that the inhabitants, rather than the applicant, desired the outlet.

"4. The outlet applied for would be an adjunct to a bowling alley, and hence not a Restaurant as defined and required by statute."

We consider these arguments in the order above stated.

■ 1. C.R.S. '53, 75-2-7 provides in substance that no application for a liquor license shall be granted for a particular location if the same applicant has been denied a license for that location within two years prior to the

second application. It is not disputed that within two years of the filing of the application of Tichy, the Manager of Safety holding that office on March 23, 1959, had denied a license for the same premises which was applied for by Joseph B. McClain and Sam Tichy, a partnership. The partner Sam Tichy is one and the same person as Sam E. Tichy who applied for the license as an individual in the instant case. The contention is that since the application of McClain and Tichy as partners was rejected within two years, Tichy as an individual is barred from making a personal application. The pertinent language of the statute is as follows:

"* * * No application to have a * * * hotel and restaurant license at a particular location by or on behalf of the same person or persons shall be received or acted upon concerning a location for which, within two years preceding, the appropriate licensing authority has refused to approve * * *," the issuance of a liquor license.

Within the meaning of the above quoted statute we hold that Sam E. Tichy, the sole applicant for issuance of a license in the instant case is not "the same person or persons" as McClain and Tichy, a partnership, whose application for a liquor license had previously been denied. The statute is not applicable to the instant case.

2. The second point urged by counsel for plaintiffs in error involves the provision of the liquor code which prohibits the issuance of this type of license for premises within five hundred feet of a school (C.R.S. '53, 75-2-12 [9]). In order to bring the "location" of the license within this five hundred foot area it would be necessary to include as a part of said "location" the nearby parking facilities provided for customers of an adjoining bowling alley and the restaurant. It is sufficient to say that under C.R.S. '53, 75-2-22 it is provided that the place in a restaurant where liquor may be sold is "* * * only in the room or rooms where meals are served * * *." Under this section no liquor could be sold on the parking

lot, and the area covered by said lot is not to be considered in computing the distance from a school.

3. We have read the record and hold, with reference to point 3 argued by counsel for plaintiffs in error, that there was ample support in the evidence to warrant the conclusions of the licensing authority.

4. The contention asserted in point 4 above, that the outlet applied for would be an adjunct to a bowling alley and hence not a restaurant as defined and required by statute, is not supported by the record. The evidence is clear that the bowling alley and the restaurant are separate business establishments. Although they are adjoining businesses the restaurant is not an "adjunct" of the bowling alley. The following testimony of Mr. Tichy is only part of that which supports this conclusion:

"Q. Where is this restaurant located? A. Adjacent to the bowling alley. Q. And when you say adjacent, isn't there an entrance from the restaurant to the bowling alley? (A. There is not. Q. In order to get from the restaurant to the bowling alley you go outside? A. Outside. Q. Is this covered by one roof? A. It is not. Q. You say there are separate roofs? A. Separate roofs."

Whether the license should or should not be granted was a matter resting within the discretion of the licensing authority. We perceive no abuse in the exercise thereof and the judgment accordingly is affirmed.

MR. JUSTICE HALL and MR. JUSTICE MCWILLIAMS concur.