MR. JUSTICE GROVES
delivered the opinion of the Court.
The Executive Director of the Colorado Department of Revenue (Director) suspended the restaurant liquor license of the respondents. In the District Court of Morgan County the respondents sought to enjoin the Director from enforcing the suspension under the provisions of C.R.C.P. 106. The court denied a permanent injunction. The court of appeals, 40 Colo. App. 422, 579 P.2d 1176 (1978), reversed and certiorari was granted. We reverse the court of appeals and affirm the district court.
On July 18, 1975 the Director ordered the respondents to show cause why their license should not be suspended or revoked by reason of three alleged violations arising under the Liquor Code of 1935. Section 12-47-101 et seq., C.R.S. 1973.[1]
There were three alleged violations, two being of the statute and the third of a regulation. They were:
1. Selling liquor outside the duly licensed establishment. Section 12-47-124(1)(1).
*508 2. Selling liquor in a location not specifically designated in the license. Section 12-47-124(1) (h)(1).
3. Enlarging the premises licensed without obtaining prior permission from the Director in violation of Regulation 18E.
After a hearing, the Director found that the respondents had committed the three violations and suspended operations under their license for a period of seven days for each violation, such suspensions to “run concurrently.”
In the C.R.C.P. 106 proceeding, the district judge reviewed the record of the hearing before the Director and ruled that there was sufficient evidence to support the findings and decision of the Director. The court, therefore, denied the injunction.
In their appeal to the court of appeals, the respondents raised only two points. We quote from their brief in the court of appeals:
“I. Due process requires that licensee be given notice as to what constitutes ‘licensed premises’
“II. Insufficient evidence in the administrative proceeding to establish Rosenthal’s [the respondent’s] violated statute and regulation”
In reversing, the court of appeals did not address either of these arguments. Rather, it ruled as void Regulation 18E of the Department of Revenue for the reason it contained no guidelines, citing Elizondo v. Dept. of Revenue, 194 Colo. 113, 570 P.2d 518 (1977). It further held that, as a result, there could be no violations by the respondents as alleged until their operation of their restaurant could be viewed under new rules and regulations to be propounded in the future by the Director. It directed that the Director promulgate such rules and regulations.
Regulation 18E provided:
“No retail licensee shall expand, enlarge, or modify the premises at which he is licensed to do business or the plans and specifications originally submitted at the time of obtaining the original license, until he obtains written permission to do so from the local and state licensing authorities. Forms for this purpose will be furnished upon request by the Department of Revenue, Liquor Enforcement Division.”
We first approach the arguments upon which the appeal from the district court were predicated, namely, whether the respondents had notice as to what constituted the “licensed premises” and whether there was sufficient evidence that there were violations by the respondents. The license issued to the respondents refer to the premises as
“GONDOLA THE 5 MI NE OF FT MORGAN CO”
The original license had been obtained by others, and the respondents were successor-licensees. At the time the Rosenthals acquired the license, the licensed premises consisted of a building. Thereafter they expanded *509 the business by constructing a dance floor and covered patio outside of the building. They then served malt and spirituous liquors by the drink in the expanded area. They were requested several times by representatives of the Director to obtain permission to include the expanded area within the licensed premises, but did not do so. Thereafter, the complaint against them was filed. The first violation in the complaint was based upon the statute which reads: “It is unlawful for any person . . . [t]o offer for sale or solicit any order for vinous or spirituous liquors in person at retail, except within his duly licensed establishment.” Section 12-47-124(1)0). The statute provided that
“Restaurants may sell spirituous liquors by the drink only to customers for consumption on the premises, but only in the rooms where meals are served and only with meals.” Section 12-47-112(1), C.R.S. 1973.
It is beyond question that the respondents knew the area of the “duly licensed establishment” before they enlarged it. We rule, therefore, that the assignment of error concerning notice as to what the “licensed premises” might be is without merit. See Harvey v. Schooley, 152 Colo. 384, 382 P.2d 189 (1963). Further, there was evidence to support the Director’s conclusion that the respondents had violated this statute. We are unable to perceive how this violation is affected by the court of appeals’ ruling that Regulation 18E is void.
As we rule that the Director was correct in making the suspension under the first alleged violation in the complaint and as the suspensions were to be effective concurrently, the district court should be affirmed in its denial of the permanent injunction. It is not necessary, therefore, for us to reach the question of whether the second and third alleged violations had in fact occurred.[2] Neither is it necessary for us to approach the court of appeals’ sua sponte ruling concerning Regulation E. Further, we do not rule upon the authority of the court of appeals to issue its mandate to the Director, as that mandate now evaporates.
The opinion of the court of appeals is reversed and the cause returned to it for remand to the district court showing our affirmance of the district court.

 The Liquor Code of 1935 was repealed and reenacted with amendments in 1976, becoming the Colorado Liquor Code. Colo. Sess. Laws 1976, ch. 72, at 456. The Colorado Liquor Code is now section 12-47-101 et seq., C.R.S. 1973 (1978 Repl. Vol. 5). As the instant matter arose under the Code prior to the 1976 amendments, we cite the original Volume 5 of Colorado Revised Statutes 1973, and not the 1978 Replacement Volume.

 There were sufficient changes in the statute by the Colorado Liquor Code that any rulings by us would have little, if any, precedential value. Section 12-47-101 et seq., C.R.S. 1973 (1978 Repl. Vol. 5).